# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DEQUAN E. CROWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 3:16-cv-00121 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

### I. Introduction

Pending before the court are the Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 1); a Notice Of Intent To Rely On Pro Se Motion (Docket No. 14), filed by counsel for the Petitioner; and the Government's Response (Docket No. 20). For the reasons set forth herein, the Petitioner's Motion To Vacate (Docket No. 1) is DENIED, and this action is DISMISSED.

### II. Procedural Background

The Petitioner pled guilty on July 11, 2011, before now-retired Judge William J. Haynes, Jr., to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket Nos. 23, 30 in Case No. 3:11cr00001). Through the Plea Agreement, the Petitioner acknowledged that he qualified for a 15-year mandatory minimum statutory sentence as an Armed Career Criminal, and that he had the following prior Tennessee convictions: two counts of aggravated assault in 2008; aggravated assault in 2004; and evading arrest in a motor vehicle in 2005. (Docket No. 30, at 7, 11, in Case No. 3:11cr00001). The parties estimated the

Petitioner's guideline range to be 188 to 235 months of imprisonment, and agreed to a sentence of 180 months. (Id., at 13).

At the subsequent sentencing hearing, on September 19, 2011, Judge Haynes imposed the 180-month agreed sentence. (Docket Nos. 29, 31, 32 in Case No. 3:11cr00001). The record reveals that no appeal was taken.

III. Analysis

A. 28 U.S.C. § 2255

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or

2

conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish that the Petitioner is not entitled to relief on the issues raised.

B. Johnson v. United States

The Petitioner requests that the court apply the decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) to reduce his sentence. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added). The *Johnson* Court specifically explained that its decision did not call into

question the remainder of the Act's definition of "violent felony." 135 S. Ct. at 2563. In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a substantive rule that applies retroactively on collateral review.

According to the Petitioner, in the absence of the residual clause, his prior conviction for evading arrest in a motor vehicle no longer qualifies as a "violent felony" under the ACCA. In its Response, the Government agrees, but argues that the Petitioner still meets the requirements of the ACCA based on his three prior convictions for aggravated assault. The offense of aggravated assault, the Government contends, constitutes a "violent felony" under the definition's "use-of-force" clause.

As set forth above, the "use-of-force" clause includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined the term "physical force," as used in this clause, as "violent force – that is, force capable of causing physical pain or injury to another person." *[Curtis] Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010). *See also United States v. Southers,* 866 F.3d 364, 366 (6th Cir. 2017).

In determining whether a prior conviction satisfies this definition, courts are to use the "categorical approach," which focuses on the statute defining the prior offense rather than the facts underlying the prior conviction. *See, e.g., Taylor v. United States,* 495 U.S.575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *Southers,* 866 F.3d at 366. If a statute "sets out a single (or 'indivisible') set of elements to define a single crime," then the court simply compares those elements to the ACCA definition to see if they match. *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). If the elements of the statute include a wider range of conduct than the ACCA definition, the prior conviction cannot count as an ACCA predicate. 136

4

S.Ct. at 2248-49.

If a statute is "divisible," in that it lists elements in the alternative to define multiple crimes, however, courts are to use the "modified categorical approach." *Id.*, at 2249. Under that approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* (*citing Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). Once the crime of conviction is determined, the court can then make the comparison of elements required by the categorical approach. *Id.*

At the time of the Petitioner's offenses in 2004 and 2008, Tennessee Code Annotated Section 39-13-102(a) defined the crime of aggravated assault as including (1) intentionally or knowingly committing an assault and either causing serious bodily injury to another, or using or displaying a deadly weapon; or (2) recklessly committing an assault and either causing serious bodily injury to another, or using or displaying a deadly weapon. An intentional aggravated assault was designated as a Class C felony, and a reckless assault was designated as a Class D felony. Tenn. Code Ann. § 39-13-102(d) (currently § 39-13-102(e)(1)(A)); *United States v. Cooper*, 739 F.3d 873, 878-79 (6th Cir. 2014).

In *United States v. Cooper*, 739 F.3d at 880, the Sixth Circuit considered whether aggravated assault under Tennessee law constitutes a "crime of violence" for purposes of the Career Offender sentencing guideline. The court analyzed the applicable statute, Tenn. Code Ann. § 39-13-102, and determined that because the statute encompassed both intentional and reckless conduct, it was necessary to apply the modified categorical approach to determine whether the

5

crime satisfied the definition.[1] 739 F.3d at 877-880.

Turning to the *Shepherd* documents, the court noted that the indictment, plea agreement, and judgment revealed that the defendant pled to a Class C felony for aggravated assault involving use or display of a deadly weapon. *Id*., at 880-82. Explaining that the statute classified intentional aggravated assault as a Class C felony and reckless aggravated assault as a Class D felony, the court concluded that the defendant's conviction was for intentionally assaulting someone using or displaying a deadly weapon. *Id.* The court then concluded that, because the version of the aggravated assault statute to which the defendant pled guilty matched the generic definition of aggravated assault listed in the enumerated-offense clause, the defendant's conviction constituted a crime of violence. *Id.*, at 882-83. Having reached that conclusion, the court found it unnecessary to analyze whether the defendant's conviction satisfied the use-of-force clause or the residual clause. *Id.*, at 882 n. 5.

In subsequent opinions, the Sixth Circuit has applied *Cooper's* modified categorical approach to reach the conclusion that intentional aggravated assault by use of a deadly weapon, under Tenn. Code Ann. § 39-13-102, also satisfies the definition of "violent felony" under the ACCA's use-of-force clause. *See United States v. Braden,* 817 F.3d 926, 931-33 (6th Cir. 2016); *United States v. Joy*, 658 F. App'x 233, 236 (6th Cir. July 29, 2016); *Campbell v. United States,* 2017 WL 404379 (6th Cir. Mar. 22, 2017).

The Government has filed the state court documents for the Petitioner's aggravated assault convictions. The Indictment and Judgment for the 2004 aggravated assault conviction indicate that

---

[1] In *Cooper*, the government conceded that the crime did not *categorically* qualify as a crime of violence under either the use-of-force clause or the residual clause, and the court concluded that the crime did not *categorically* satisfy the enumerated-offense clause. *Id.*, at 879.

the Petitioner was charged with attempted intentional and premeditated first degree murder, but pled guilty to the reduced charge of aggravated assault, and that the conviction is a Class C felony. (Docket No. 20-1, at 11). Thus, these documents indicate that the Petitioner's conviction was based on the intentional use or display of a deadly weapon, or the intentional causing of serious bodily injury to another.[2] In 2008, the Petitioner pled guilty to aggravated assault involving Tesha Akins by the "use or display of a deadly weapon," and to aggravated assault involving Quintin Harleston by the "use or display of a deadly weapon." (Docket No. 20-2, at 3, 5, 9-11). The Judgments for these convictions indicate that they were both Class C felonies. (Id., at 10-11). Based on the Sixth Circuit case law discussed above, therefore, all three of the Petitioner's aggravated assault convictions satisfy the definition of "violent felony" under the ACCA's use-of-force clause. Thus, the Petitioner remains an Armed Career Criminal without regard to the residual clause invalidated by *Johnson.*

C. Ineffective Assistance of Counsel/Involuntary Guilty Plea

The Petitioner also argues that his guilty plea in the underlying criminal case was not entered knowingly and voluntarily because trial counsel, the prosecutor, and the Government erroneously advised him that his prior conviction for evading arrest in a motor vehicle qualified as a predicate offense under the ACCA.

A guilty plea complies with the requirements of due process if it is entered knowingly and voluntarily under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 748-49, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). *See also United States v. Ruiz*, 536 U.S. 622, 630, 122 S.

---

[2] Nothing in these documents suggest that the conviction implicated the other Class C variants set forth in the statute, which involve either a victim protected by a court order or the failure to protect a child from aggravated assault or abuse. Tenn. Code Ann. § 39-13-102(b), (c).

Ct. 2450, 153 L. Ed. 2d 586 (2002). If a defendant understands the charges against him and the consequences of entering a guilty plea, and voluntarily chooses to plead guilty without being coerced, the guilty plea will be upheld. *Brady*, 397 U.S. 748-54; *Alvarez v. Straub,* 21 Fed. Appx. 281, at **2, 2001 WL 1298993 (6th Cir. Aug. 9, 2001).

The Sixth Circuit has also made clear that changes in the law made after the entry of a guilty plea do not render an otherwise valid plea involuntary or unknowing. *See, e.g., United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005); *United States v. Ryerson*, 502 F. App'x 495, 498 (6th Cir. 2012); *United States v. Whitsell*, 481 F. App'x 241, 243 (6th Cir. 2012). *See also Brady v. United States*, 397 U.S. at 757 (". . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.")

At the time the Petitioner entered his guilty plea, on July 11, 2011, the *Johnson* decision had not been issued, and the prevailing case law indicated that felony evading arrest qualified as an ACCA predicate offense under the residual clause. *See, e.g., United States v. Doyle*, 678 F.3d 429, 430, 2012 WL 1560394 (6th Cir. 2012) (Discussing prior case law holding that felony evading arrest constitutes a "violent felony" under the ACCA's residual clause). As explained above, the subsequent invalidation of the residual clause in *Johnson* some four years later does not render the Petitioner's otherwise valid guilty plea involuntary or unknowing.

The Petitioner has also failed to establish that trial counsel provided ineffective representation by failing to challenge the evading arrest conviction as an ACCA predicate. In order to prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. *Strickland v. Washington,* 466 U.S. 668,

104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011); *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004). The court need not address both requirements if the petitioner makes an insufficient showing on one. *Strickland*, 104 S.Ct. at 2069.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 104 S.Ct. at 2052; *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*, at 2052. The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011).

Trial counsel is not ineffective for failing to predict a change in the law unless that change was clearly foreshadowed by existing decisions. *See, e.g., Baker v. Voorhies*, 392 F. App'x 393, 400 (6th Cir. 2010). As noted above, the *Johnson* decision was issued on June 26, 2015, almost four years after the Petitioner's sentencing hearing. The Petitioner has not shown that counsel was ineffective for failing to predict, at that time, the change occasioned by the *Johnson* decision.

In any event, as explained herein, even in the absence of the evading arrest conviction, the Petitioner still qualifies as an Armed Career Criminal based on his aggravated assault convictions.

9

Consequently, he has not established that he was prejudiced by any failure of counsel to predict *Johnson*. Accordingly, the Petitioner's ineffective assistance of counsel claim is without merit.

IV. Conclusion

For the reasons set forth herein, the court concludes that the Petitioner's request for Section 2255 relief is without merit. Accordingly, the Petitioner's Motion To Vacate is denied and this action is dismissed.

If the Petitioner gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED.**

ENTER this 25th day of January 2018.

---

ALETA A. TRAUGER
U.S. District Judge